THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STARR L. CARD, Defendant-Appellant.

Fifth District   No. 5—87—0328

Opinion filed September 6, 1989.

Daniel M. Kirwan and Edwin J. Anderson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Paul H. Hillis, Jr., State's Attorney, of Salem (Kenneth R. Boyle, Stephen E. Norris, and Matthew E. Franklin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Starr Card and his wife Lila Card were charged in the circuit court of Marion County with two counts of unlawful possession of manufacturers identification plates (counts I and II), two counts of failure to maintain records (counts III and IV), and one count of unlawful use of weapons (count V). Starr Card alone was also charged with two counts of theft over $300 (counts VI and VIII), and one count of unlawful possession of open titles (count VII). At their initial appearance, the Cards were informed of the charges against them and of their right to counsel. Upon requesting a public defender, Starr Card was given an affidavit of assets and liabilities which he began filling out. Card then requested and received a brief recess. Upon returning, the prosecutor announced that a negotiated plea would be entered. Pursuant to the plea agreement, Card pleaded guilty to all charges except counts IV and V, which were dismissed. He received five-year concurrent sentences on counts I, II, VII and VIII, five-year sentences on counts III and VI, concurrent to each other but consecutive to the other four sentences. All charges against Lila Card were dismissed.

Card thereafter filed a motion for appointment of counsel and a motion to withdraw his guilty pleas. Counsel was appointed and an amended motion to withdraw was filed. At the hearing on the motion, Card testified that he had agreed to plead guilty after speaking with the prosecutor for "three or four" minutes. Also during the hearing, it was brought to the court's attention that Card had received a five-year sentence for the charge of unlawful possession of open titles, which was a Class 4 felony with a maximum sentence of three years. The court found that Card had knowingly and voluntarily waived his right to counsel and that, while the five-year sentence imposed as to count VII was unauthorized, that alone was not sufficient to allow Card to withdraw his guilty pleas because five-year sentences had been properly imposed on the other counts.

On appeal, Card argues that his guilty pleas were not knowingly and voluntarily entered because he was denied his sixth amendment right to counsel. Card maintains that the assistant State's Attorney

negotiated the *pro se* guilty pleas from him at his initial appearance after he had asserted his right to counsel.

■ The sixth amendment right to counsel attaches when judicial proceedings are initiated against the defendant. (*United States v. Gouveia* (1984), 467 U.S. 180, 81 L. Ed. 2d 146, 104 S. Ct. 2292; *Kirby v. Illinois* (1972), 406 U.S. 682, 32 L. Ed. 2d 411, 92 S. Ct. 1877.) The right to counsel extends to all stages of prosecution, both formal and informal. (*United States v. Wade* (1967), 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926.) Plea negotiations are part of the prosecutorial process, and the defendant has the right to the presence of counsel unless such right has been waived. See *Santobello v. New York* (1971), 404 U.S. 257, 262, 30 L. Ed. 2d 427, 433, 92 S. Ct. 495, 499.

Once a suspect requests an attorney, no further interrogation may take place unless the suspect initiates further communication and knowingly and intelligently waives his right to counsel. (*Smith v. Illinois* (1984), 469 U.S. 91, 83 L. Ed. 2d 488, 105 S. Ct. 490; *Edwards v. Arizona* (1981), 451 U.S. 477, 68 L. Ed. 2d 378, 101 S. Ct. 1880, *reh'g denied* (1981), 452 U.S. 973, 69 L. Ed. 2d 984, 101 S. Ct. 3128.) The application of the *Edwards* "bright-line" rule, which dealt with the fifth amendment right to counsel, was extended to the sixth amendment right to counsel in *Michigan v. Jackson* (1986), 475 U.S. 625, 89 L. Ed. 2d 631, 106 S. Ct. 1404.

While the "bright-line" rule set forth in *Edwards* and extended in *Jackson* deals with the elicitation and use of incriminating statements, we believe it is equally applicable to plea negotiations. The purpose of the sixth amendment is to protect the unaided lay person at critical confrontations with the prosecutorial forces of organized society. (*Gouveia*, 467 U.S. at 189, 81 L. Ed. 2d at 155, 104 S. Ct. at 2298.) The request for counsel is a significant event under either a fifth or sixth amendment analysis. (*Jackson*, 475 U.S. at 636, 89 L. Ed. 2d at 642, 106 S. Ct. at 1411; *Edwards*, 451 U.S. at 485, 68 L. Ed. 2d at 386, 101 S. Ct. at 1885.) *Edwards* and *Jackson* are grounded upon this concept and provide for additional safeguards when the accused requests counsel. We believe that the need for such additional safeguards is certainly no less compelling in the case of plea negotiations. A plea of guilty is far more than an incriminating statement or even a confession, "it is [the] conviction; nothing remains but to give judgment and determine punishment." (*Boykin v. Alabama* (1969), 395 U.S. 238, 242, 23 L. Ed. 2d 274, 279, 89 S. Ct. 1709, 1711.) We conclude, therefore, that, having requested counsel, Card could waive his right to counsel only if he initiated the plea bargaining.

██ From a review of the arraignment transcript it is clear that it was Card who requested the recess. Upon returning, the assistant State's Attorney indicated that a negotiated disposition had been reached. The court asked Card if he wished to withdraw his request for a public defender, to which he replied yes. The court then proceeded to admonish Card pursuant to Supreme Court Rule 402 (107 Ill. 2d R. 402) before accepting Card's guilty pleas. The trial court repeatedly asked Card if his pleas were voluntary and if he wished to waive counsel, and gave Card numerous opportunities to withdraw his pleas and have counsel appointed. Each time Card indicated that he wished to waive counsel and any further process, and plead guilty to the charges. At Card's subsequent hearing on his motion to withdraw his guilty pleas, Card indicated that he had requested a recess in order to talk to the assistant State's Attorney about a negotiated plea, and that the idea of pleading guilty first occurred to him at the arraignment hearing when he was confronted with the charges against him. Our examination of the record leads us to the conclusion that it was Card, a mentally alert 53-year-old person with extensive prior experience in the criminal justice system, who initiated the plea negotiations and, in so doing, waived his sixth amendment right to counsel. Clearly, Card had the right to represent himself. (*Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525.) He chose to do so by initiating plea negotiations with the prosecutor. Having made this election, he cannot now be heard to complain. We therefore conclude that Card's pleas of guilty were knowingly and voluntarily made without circumvention of his sixth amendment rights.

██ Card also argues that he was improperly sentenced to five years on the charge of unlawful possession of open titles, a Class 4 felony conviction for which three years is the maximum sentence. The State concedes this issue; therefore, we have no need to discuss it further and order the sentence on this charge reduced to three years.

The judgment of the circuit court of Marion County is affirmed as modified.

Affirmed as modified.

WELCH, P.J., and GOLDENHERSH, J., concur.